UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JVON BYNUM,

    Petitioner,                                              Case No. 07-cv-12767

v.                                                      HONORABLE STEPHEN J. MURPHY, III

SHIRLEE A. HARRY,

    Respondent.
    _____/

**ORDER ADOPTING REPORT AND RECOMMENDATION DENYING
PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING MOTION
TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE** (docket no. 22)

This is a habeas case. A state jury found pro se petitioner Jvon Bynum guilty of armed robbery, unlawfully driving away a motor vehicle, felon in possession of a firearm, and possession of a firearm during the commission of a felony. In his habeas petition, Bynum identifies three issues that support granting the writ:1) ineffective assistance of trial counsel; 2) trial court's failure to substitute defense trial counsel; 3) trial court's failure to declare a mistrial. The Court referred the matter to Magistrate Judge Paul J. Komives for all pretrial proceedings.

The matter returns to the Court on the Report and Recommendation of Judge Komives. Docket no. 16. In his Report, Judge Komives recommends that the Court deny the petition. Bynum filed objections. Docket nos. 18-20.

I. Objections to Report and Recommendation

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure

provide that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections, however, do not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* Objections that merely dispute the correctness of the magistrate judge's recommended outcome but fail to specify the findings believed to be erroneous are too general to invoke the statutorily mandated de novo review. *Id.*

Bynum filed two sets of identical objections. Docket nos. 18 & 19. The second set also includes a Memorandum of Law in support. Docket no. 20. Both sets of objections, however, contain only generalized objections to the correctness of the magistrate's report. The objections do not specify the findings believed to be wrong. *See* Objections, at 3-4 (docket nos. 18 & 19). Rather, they primarily restate the procedural history of the case and simply ask the Court to conduct a de novo review of the entire record. Bynum's memorandum of law is more specific, but it only addresses the magistrate judge's resolution of the ineffective assistance of counsel claim. *See* docket no. 20. Accordingly, the Court need not consider Bynum's objections to the magistrate judge's resolution of his other two claims (trial court's failures to substitute counsel and declare a mistrial).

Even if the objections were sufficient to trigger a de novo review of these claims, the Court would overrule the objections and adopt the analysis in the Report. The analysis

2

therein is sound and correct. The magistrate judge correctly concluded that the grounds Bynum asserted for his request to substitute counsel were not sufficient to grant his request. Indigent defendants have no constitutional right to counsel of their choice. Bynum failed to demonstrate an impasse or unresolvable conflict between he and his counsel that would warrant substitution. The magistrate judge also correctly concluded that the writ is not available to remedy the state trial court's alleged error in denying Bynum's motion for a mistrial because Bynum's constitutional right to fundamental fairness in his trial was not violated by the error.

Because Bynum has made specific objections with respect to the magistrate judge's resolution of the ineffective assistance of counsel claim, the Court has conducted a de novo review of the portions of the record relating to that claim. The Court concludes that the objections lack merit. Bynum asserts that he was provided ineffective assistance of counsel because his defense counsel failed to obtain certain medical records that would have supported his defense. The record indicates that the failure to obtain the requested records, however, was not due to negligence on the part of defense counsel. Defense counsel did in fact request the relevant medical records through a subpoena, but was unable to obtain them because the hospital apparently had lost or misplaced them. Bynum contends that the notice from the hospital demonstrating that the records were unavailable is fraudulent, but he offers nothing to substantiate that allegation. Trial counsel cannot be deemed ineffective for failing to obtain unavailable evidence. Bynum's objection is overruled.

Bynum also asserts that counsel was ineffective for failing to properly represent Bynum's best interests. The magistrate judge found these allegations vague,

unsubstantiated, and insufficient to rebut the presumption that counsel provided adequate assistance. The Court agrees.

Bynam further claims that defense counsel was ineffective by failing to introduce evidence at trial that would have resulted in a different outcome. Specifically, Bynum contends, counsel failed to introduce a photograph of one of the persons who died in the car crash. He contends that the photograph would have created reasonable doubt as to his guilt because the decedent was of similar weight and height to the description of one of the assailants provided by the complaining witness. This defense, however, was developed through other means. A witness testified to the similarity in height and build between Bynum and the decedent. Failure to introduce a photograph of the decedent, therefore, did not constitute constitutionally deficient assistance of counsel.

The Court overrules Bynum's objections and adopts the analysis in the Report.

II. <u>Petitioner's Motion to Stay Proceedings and Substitute Respondent</u>

After the Report and Recommendation had issued, and Bynum had filed objections thereto, Bynum filed a motion asking the Court to substitute Carmine Palmer, the warden at Bynum's current place of confinement, as the Respondent. Since this order resolves the entire action, there is no practical need to substitute the Respondent.

Bynum also asks the Court to delay decision, stay the proceedings, and hold his petition in abeyance while he exhausts a claim he failed to previously raise in the state court. Once the claim is exhausted, Bynum will then presumably seek leave to file an amended petition that includes the exhausted claim. Specifically, Bynum intends to raise in the state court the issue of the state court's lack of subject matter jurisdiction over his

prosecution and the "ancillary issues as a result thereof."[1] Pet.'s Mot., at 2. He states that he failed to raise the issue earlier because he just learned of its existence, but provides no details. *Id.*

A district court has discretion to stay proceedings and hold in abeyance so-called "mixed petitions" while a petitioner returns to state court to exhaust the unexhausted claims included in the petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Bynum has not presented a mixed petition, however, because his original petition contained only exhausted claims. He wants to add claims he never included in the original petition. A stay is not appropriate in these circumstances.

Even if the stay-and-abeyance procedure is permitted in instances where the petitioner failed to include unexhausted claims in an original petition, Bynum has not established that he is entitled to a stay. To protect the twin aims of AEDPA – finality and encouraging petitioners to seek relief from state courts in the first instance – stay-and-abeyance is available only in limited circumstances, such as when the district court determines there was good cause for the petitioner's failure to exhaust the claims in state court. *See Rhines*, 544 U.S. at 276-77. In this case, Bynum's justification for failing to exhaust his subject matter jurisdiction claim is simply that he just recently learned of the existence of the claim. He provides no additional information, however, for why the claim was not apparent when he proceeded on direct appeal, and the Court will not assume good cause where none is demonstrated.

---

[1] By his use of the phrase "claims including but not exclusive to," Pet. Mot., at 2, Bynum suggests that there are other claims he intends to exhaust in state court. The Court will consider only the lack of subject matter jurisdiction claim, and will not speculate regarding other claims Bynum might also wish to exhaust in state court.

Moreover, even if Bynum could demonstrate good cause for his failure to exhaust his new claim, the Court would not stay proceedings because the unexhausted claim is plainly meritless. See Rhines, 544 U.S. at 277 ("[E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). Bynum wants to argue on habeas review that the trial court lacked subject matter jurisdiction to hear his criminal case. Even if a state court could find merit in this claim, it is meritless on federal habeas review. Unless the error also results in the denial of fundamental fairness, federal habeas relief is not available to remedy a state court's error in the application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treatises of the United States."). Whether the state trial court lacked jurisdiction over Bynum's criminal proceedings is purely a question of Michigan state law. Cf. Shaffer v. Boone, 3 F. App'x 675, 688 (10th Cir. 2001) (finding challenges to Oklahoma trial court's subject matter jurisdiction, even if meritorious in state court, are not cognizable on habeas review). "Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law[.]" Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). Since the new claim, even if exhausted, is not cognizable on habeas review, and is for that reason "plainly meritless," a stay of proceedings is not permitted.

A further reason exists for denying a stay. In order for Bynum to assert his new claim on habeas review, he would need to seek leave to amend his petition, which the Court would not permit. Habeas petitions may be amended or supplemented "as provided in the

6

rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rule of Civil Procedure provides generally that once a responsive pleading has been filed, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a)(2). Leave should be denied when a proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). A proposed amendment is futile if it could not withstand a motion to dismiss. *See Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). For example, an amendment is futile if the new claim would be time-barred, even though the statute of limitations is an affirmative defense and waivable. *See, e.g.*, *Evans v. Hanger Prosthetics & Orthotics, Inc.*, --- F. Supp. 2d ----, 2010 WL 3259871, at *5 (N.D. Ohio Aug. 18, 2010) (denying leave to amend because new claim would be time-barred).

The Court concludes that any amendment to Bynum's petition would be futile because the new claim is time-barred. Generally, a habeas petition must be filed within one year of the state court judgment becoming final, 28 U.S.C. § 2244(d)(1). Filing a federal habeas petition does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 182 (2001). The Michigan Supreme Court denied Bynum's application for leave to appeal on August 30, 2005, making his judgment final on November 26, 2005, after the period for filing a petition for a writ of certiorari in the U.S. Supreme Court. The one-year statute of limitations, therefore, expired November 26, 2006. Even though the limitations issue was not raised with respect to the first petition, to determine whether amendment would be futile, a district court assumes the limitations issue would be raised in a motion to dismiss were the Court to grant leave to add the claim. A district court asks whether the proposed amendment *could* withstand a motion to dismiss if raised, not whether the party opposing

7

amendment is likely to make a motion.  Assuming that the State would move to dismiss, the motion would be granted.[2]  The amendment is futile.

Nor could Rule 15(c)'s relation-back provision save the amendment because the new claim is not closely enough related to the facts giving rise to the claims in the original petition.  *See* Fed. R. Civ. P. 15(c)(1)(B).  "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Mayle v. Felix*, 545 U.S. 644, 650 (2005).  The claims in the original and amended petitions must be tied to a "common core of operative facts" for relation back to be available.  *Id.* at 664 & n.7.

In *Mayle*, the Supreme Court denied relation back of a Fifth Amendment claim in an amended petition where the original petition contained only a Sixth Amendment claim.  The petitioner argued that the two claims arose out of the same "conduct, transaction, or occurrence," *see* Fed. R. Civ. P. 15(c)(1)(B), since both challenged the constitutionality of the same "trial, conviction or sentence."  *Id.* at 664.  The Court declined to take such a

---

[2] Bynum has not asserted that he is entitled to equitable tolling, nor could he in these circumstances.  *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing with approval *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003)) (AEDPA's statute of limitations is subject to equitable tolling).  A petitioner has the burden of demonstrating entitlement to equitable tolling.  *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  Equitable tolling is available only if the petitioner shows he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way and prevented timely filing.  *Holland*, 130 S. Ct. at 2560.  Even if the Court assumes that Bynum has diligently pursued his rights from the beginning, *see id.* at 2565 (the diligence required for equitable tolling is "reasonable diligence," not "maximum feasible diligence"), there is no indication that extraordinary circumstances stood in the way of his including in his original petition the claim that the state court lacked subject matter jurisdiction.  The claim would have been just as apparent when he filed the first petition as it was when Bynum filed his motion to stay.  Accordingly, he would not be entitled to equitable tolling.

broad view of "conduct, transaction, or occurrence" in habeas proceedings and established the standard set forth above. *Id.*

Bynum's lack of jurisdiction claim and his earlier claims are even more unrelated to one another than were the Fifth and Sixth Amendment claims at issue in *Mayle*, where the Court denied relation back. The jurisdiction claim is entirely different in type from the three claims raised in the original petition – the original three claims involved constitutional violations, while the new claim involves state law violations.[3] Therefore, there is no basis in this case for relation back.

III. Certificate of Appealability

The Court will not issue a certificate of appealability on any issue in this case. A petitioner must obtain a certificate of appealability in order to appeal the district court's denial of a habeas petition for relief from a state conviction. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).[4] A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To meet this threshold, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right."

---

[3] The Court in *Mayle* cited with approval two circuit court cases that allowed relation back in habeas proseedings, neither of which this Court finds analogous here. 545 U.S. at 664 n.7. The first was *Mandacina v. United States*, 328 F. 3d 995, 1000-1001 (8th Cir. 2003), where the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963) and the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The second was *Woodward v. Williams*, 263 F. 3d 1135, 1142 (10th Cir. 2001), where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted.

[4] As of December 1, 2009, the Rules Governing Section 2254 Cases require a district court to issue or deny a certificate of appealability at the time it enters a final order adverse to the petitioner. Rule 11(a), 28 U.S.C. foll. § 2254.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Specifically, he must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Banks v. Dretke*, 540 U.S. 668, 705 (2004) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

With respect to the three claims asserted in the original petition, the Court finds that reasonable jurists would not disagree with the Court's resolution of the claims. Even assuming Petitioner did not waive his right to appeal the court's decision with respect to the mistrial and substitution claims by not filing specific objections, the Court's resolution on those claims is not debatable. The same is true of the ineffective assistance of counsel claim. Accordingly, the Court will not grant a certificate of appealability on any of the three claims.

With respect to the Court's decision to deny Bynum's motion to stay proceedings and hold his petition in abeyance, the Court also finds that reasonable jurists could not debate the correctness of the Court's decision. Bynum's claim that the trial court lacked jurisdiction is meritless and is also time-barred. Therefore, staying the proceedings and holding the petition in abeyance to permit Bynum to file an amended petition would serve no purpose. Reasonable jurists could not disagree.

Petitioner may request a certificate of appealability from the court of appeals if he wishes. *See* 28 U.S.C. § 2253(c)(1)(A). Bynum was permitted to proceed *in forma pauperis* in these proceedings. Docket no. 4. Because the Court does not find that an appeal would be frivolous, Bynum may also proceed *in forma pauperis* on appeal, should be choose to take one. *See* Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (appeal taken in good faith when litigant seeks appellate review of any issue that is not frivolous).

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's objections to the Report and Recommendation (docket nos. 18 & 19) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (docket no. 16) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion to stay decision and substitute the Respondent (docket no. 22) is **DENIED.**

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability. Petitioner may proceed on appeal *in forma pauperis*.

**SO ORDERED.**

            s/Stephen J. Murphy, III
            STEPHEN J. MURPHY, III
            United States District Judge

Dated: September 23, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 23, 2010, by electronic and/or ordinary mail.

            Alissa Greer
            Case Manager